Being unable to agree with the majority's conclusion that the trial court abused its discretion, I respectfully dissent. The majority found the issue in this case to be that we should determine the rights of children to testify when their parents are engaged in a hotly-contested divorce. The issue before us is not that broad but, rather, is whether the trial court abused its discretion in refusing to allow the children to testify at the hearing on the contempt motion that resulted in finding Ms. Schottenstein in contempt.
Mr. Schottenstein filed his motion for contempt alleging that Ms. Schottenstein encouraged and facilitated his daughters' refusal to spend time with him. On three occasions, February 16, 21, and 22, 2000, he did not receive his visitation with the girls.
The children had previously been interviewed by the magistrate concerning their wishes and concerns during the hearing concerning the allocation of parental rights and responsibilities pursuant to R.C.3109.04(B). (Tr. Vol. XVII, 401-402; 462; 478.) They had expressed a desire to live with their mother but the trial court determined that it was not in their best interest to do so. Also, in the record is evidence that the children had been deliberately placed in the middle of the conflict by the parents to achieve the parents' goals. (Tarpey report, July 10, 1998, p. 18.) Dr. John A. Tarpey, a court-appointed psychologist who evaluated the parties and the children, testified regarding his findings. Dr. Tarpey concluded that the children were too involved in the divorce proceedings, especially Sarah, the oldest. (Tr. Vol. V, 113.) Sarah was caught in the middle and had been negatively involved, was experiencing distress as a result of such involvement, and was too emotionally involved in the divorce proceedings. (Tr. Vol. XI, 122-127.) Dr. Tarpey concluded that it was in the children's best interest to protect them from such involvement. He stated:
 * * * I believe involving them in any way, in describing or interpreting experiences or events is unfortunate. I think it is not in their best interest to involve them at all. And, if anything, that is what they should have been protected from. [Tr. Vol. XI, 130.]
Given the fact that that children had already expressed their wishes and desires, and given the conclusions of Dr. Tarpey as well as other professionals involved in this matter, I cannot find that the trial court abused its discretion in not permitting the children to testify and I would overrule the first assignment of error of the children and of Ms. Schottenstein.
The majority found that the trial court had sufficient evidence to support the finding of contempt that it entered and I agree. I would overrule Ms. Schottenstein's second assignment of error, rather than finding it to be moot.
I agree with the majority that the circumstances surrounding the purge order may have changed so significantly that the former purge order would be inappropriate and the penalty imposed was excessive. Thus, further proceedings are necessary to establish a new purge order and I would sustain the remaining assignments of error which pertain to the purge order.